Dennis M. WOLFEL, Plaintiff-Appellee, Cross-Appellant,

v.

Herbert BATES, Gary Brown, Defendants-Appellants, Cross-Appellees.

Nos. 82–3059, 82–3060.

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1983.

Decided June 3, 1983.

Sam L. Raptis, Raymond Studer (argued), Asst. Attys. Gen., Columbus, Ohio, for defendants-appellants, cross-appellees.

Michael E. Geltner (argued), Geltner & Ritchie, Washington, D.C., for plaintiff-appellee, cross-appellant.

Before LIVELY and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case requires us to review a district court order awarding the plaintiff, prison inmate Dennis Wolfel, nominal damages of one dollar to recompense the violation of his first amendment rights by Ohio state prison officials. The defendants, correctional officers Herbert Bates and Gary Brown, appeal the adverse judgment and contend that their application of prison rule 26, Class II, to Wolfel's conduct was a valid exercise of disciplinary authority. Wolfel cross-appeals the district court's denial of punitive damages.

In December, 1978, plaintiff Wolfel drafted a petition alleging that prison guards were harassing the inmates of the Southern Ohio Correctional Facility by starting showers and "walklines" between 5:30 and 6:00 a.m. Wolfel obtained signatures from seventeen fellow inmates and sent the petition to the prison superintendent. Guard captain Bates responded to Wolfel's action by issuing a "rules infraction ticket" which charged Wolfel with violating prison rule 26, Class II. That rule prohibits inmates from "making unfounded complaints or charges against staff members of the institution with malicious intent."

Wolfel received an informal hearing before hearing officer Brown, who found him guilty of the rule violation and issued a verbal reprimand. The verbal reprimand was entered on Wolfel's prison offense record. Wolfel appealed Brown's decision to the prison rules infraction board, which upheld the hearing officer's action.

Wolfel then sought judicial relief under 42 U.S.C. §§ 1983 and 1985, alleging deprivation of his first and fourteenth amendment rights. The United States District Court for the Southern District of Ohio referred the case to a magistrate, who issued a report and recommendation. On the basis of the magistrate's report, the district judge held that application of rule 26, Class II, to Wolfel's conduct unduly restricted Wolfel's first amendment right to petition for redress of grievances. He then determined that "defendants should have known that plaintiff's right to petition was constitutionally protected" and assessed nominal damages. The court declined, however, to award punitive damages, asserting that Wolfel had failed to show that Bates and Brown "acted willfully and in gross disregard" of his rights.

We have reviewed the record below with care, and conclude that the district court was correct in holding that Wolfel suffered an impermissible abridgement of his constitutional rights. Our decision is predicated on the particular facts of the case before us and does not purport to determine the constitutionality of rule 26, Class II itself.

*Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) and *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), provide the analytical framework for consideration of prisoner first amendment claims. In *Pell,* the Supreme Court stated that:

> [A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penalogical objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit first amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed.

417 U.S. at 822, 94 S.Ct. at 2804. Viewed in this context, the imposition of a penalty on inmate Wolfel fails to withstand scrutiny.

We do not question the established principle that prison administrators possess considerable discretion in the regulation of

internal institutional affairs. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125, 97 S.Ct. 2532, 2537, 53 L.Ed.2d 629 (1977). In the present case, however, the record reveals that prison authorities punished Wolfel without first finding: (1) that the statements contained in his petition were false, or (2) that the statements were "maliciously" communicated. *See Johns v. Denton,* No. C–2–75–859 (S.D. Ohio 1979), *aff'd sub nom. Johns v. Overberg,* 633 F.2d 216 (6th Cir.1980). In the absence of such findings, Wolfel was, in effect, subjected to discipline merely because he complained. This was an impermissible abridgement of his right to seek redress of grievances. *See Procunier v. Martinez,* 416 U.S. at 415, 94 S.Ct. at 1812. *See also Lemaitre v. Denton,* No. C–2–79–419 (S.D.Ohio 1982). Nowhere do we find authority for the proposition that prison administrators have an overriding interest in the *indiscriminate* suppression of peacefully communicated inmate complaints.[1]

We turn now to Bates' and Brown's contention that the district court should have granted them qualified immunity from liability in this civil rights action. We reject this argument and affirm the decision below.

■ The availability of qualified immunity is dependent upon a showing of good faith by state officials. *Gomez v. Toledo,* 446 U.S. 635, 639–40, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). Under *Procunier v. Navarette,* 434 U.S. 555, 562–63, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1978), prison officials like Bates and Brown can be liable for damages only if the constitutional right they violated was "clearly established at the time of the violation."

■ In the present case, the magistrate correctly observed in his report that by December, 1978, the constitutional principles of *Pell v. Procunier, supra,* had been well settled for over four years. Further-

more, earlier in 1978, officials of the Ohio Department of Rehabilitation and Correction had been forbidden to initiate disciplinary proceedings merely because an inmate could not substantiate a grievance. *Taylor v. Perini,* 455 F.Supp. 1241 (N.D.Ohio 1978). The district court's order in *Taylor* had been codified in the Ohio Administrative Code, Regulation 5120–9–31, effective February 20, 1978. These circumstances, in our view, gave the court below an ample basis for denying Bates and Brown the defense of qualified immunity.

Inasmuch as Bates and Brown were properly held liable for violating Wolfel's constitutional rights, the district court's award of nominal damages should be affirmed. *See Carey v. Piphus,* 435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978); *Thompson v. Burke,* 556 F.2d 231, 240 (3d Cir. 1977).

■ Finally, we uphold the district court's refusal to assess punitive damages against Bates and Brown. Although punitive damages are, in theory, available to plaintiffs in civil rights actions, their imposition has generally been limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant. *See Carey v. Piphus,* 435 U.S. at 257, n. 11, 98 S.Ct. at 1049, n. 11; *Stengel v. Belcher,* 522 F.2d 438, 444 (6th Cir.1975), *cert. dismissed,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976); *McDaniel v. Carroll,* 457 F.2d 968 (6th Cir.1972), *cert. denied,* 409 U.S. 1106, 93 S.Ct. 897, 34 L.Ed.2d 687 (1973). Nothing in the record below supports the suggestion that the present defendants' actions rose to such a level of misconduct.

The judgment below is affirmed.

---

1. In reaching our conclusion on the constitutional issue, we reemphasize its limited application to the facts of this case. We might well have reached a different result if appellants had established that Wolfel was guilty of malicious

dissemination of false or defamatory statements about prison personnel. *See, e.g., Weltchek v. McKeen,* No. C–2–79–114 (S.D.Ohio 1979).