757 F.2d 771
 Daniel J. VASQUEZ, Plaintiff-Appellant,
v.
CITY OF HAMTRAMCK, a municipal corporation, David M. Misiak,
City of Hamtramck Police Officer, Badge No. 43, individually
and in his official capacity in concert with Steven
Schneider, a private citizen, jointly and severally,
Defendants-Appellees.
 No. 83-1864.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 11, 1985.
Decided March 21, 1985.
 
 Mikael G. Hahner (argued), Bernstein & Bernstein, Detroit, Mich., for plaintiff-appellant.
 Sanford N. Larkin, Southfield, Mich., Michael Walter (argued), Carol J. Dufraine, Tyler, Reynolds, Kenny and Thayer, Thomas D. Beeby, Detroit, Mich., Jonathan M. Jaffa (argued), Southfield, Mich., for defendants-appellees.
 Before LIVELY, Chief Judge, ENGEL, Circuit Judge, and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Daniel J. Vasquez appeals the order of the United States District Court for the Eastern District of Michigan granting defendants-appellees' motion for summary judgment in this section 1983 case. Vasquez contends that the district court erroneously found that his malicious prosecution claim was not actionable under 42 U.S.C. Sec. 1983.
 
 
 2
 Vasquez claims that on November 11, 1982, he was involved in an altercation in Detroit with appellee Steven Schneider, a Detroit hospital security guard. Schneider worked at the hospital with appellee David M. Misiak who was a City of Hamtramck police officer as well as a part-time hospital security guard. Vasquez alleges that Schneider told Misiak the license plate number of Vasquez' car and that Misiak then maliciously and without probable cause wrote and filed two tickets for the illegal parking of Vasquez' car in Hamtramck, Michigan. In January, 1983, Vasquez received a notice that a warrant for his arrest had been issued for failure to appear and answer the tickets. Vasquez claims that he has never been in Hamtramck and that he only learned of the tickets when he received this notice.
 
 
 3
 On February 2, 1983, Vasquez appeared before a state court judge for an informal hearing on the parking tickets. One ticket was dismissed, and Vasquez was fined $10.00 on the other. Vasquez requested a formal hearing on the second ticket. When that hearing was held March 21, 1983, Misiak failed to appear, and the charge arising out of the second ticket was also dismissed.
 
 
 4
 On March 31, 1983, Vasquez filed a complaint under 42 U.S.C. Sec. 1983 in the United States District Court for the Eastern District of Michigan, alleging that Misiak and Schneider acted in concert to maliciously prosecute him, thereby denying him his constitutional rights. Vasquez also charged that the City of Hamtramck, which was named as a defendant, acquiesced in Misiak's actions, failed to adequately supervise him, and encouraged such behavior by having a ticket quota policy. On November 23, 1983, Judge Gilmore granted defendants-appellees' motions for summary judgment, holding that a claim of malicious prosecution is not actionable under 42 U.S.C. Sec. 1983. Although appellant's section 1983 suit was thereby dismissed, he filed a state court suit for malicious prosecution under Michigan common law on October 26, 1983 in the Circuit Court for Wayne County, Michigan, and that suit is still pending. Vasquez here appeals the dismissal of his federal section 1983 suit.
 
 
 5
 To state a section 1983 cause of action, a plaintiff must show a constitutionally protected right which he has been denied. Vasquez has shown no such right. Under Michigan law, at no time was Vasquez in danger of imprisonment because of appellees' actions. Parking tickets in Michigan are civil infractions which are punishable by fine only. See Mich.Comp.Laws Ann. Secs. 257.741-.750. Thus, Vasquez' potential loss was limited to the monetary loss and the inconvenience of contesting the tickets.
 
 
 6
 These deprivations do not establish a section 1983 cause of action. The possible property deprivation, of course, is not actionable under section 1983 where, as here, there are adequate state post-deprivation remedies available to redress any injury. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).
 
 
 7
 In addition, Vasquez' inconvenience in defending the allegedly malicious prosecution is an insufficient basis for a section 1983 claim. In Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), the Supreme Court held that a false imprisonment claim is not actionable under section 1983 and that the claimant there was required to seek his remedy in the state courts. In Baker, the plaintiff alleged that he was arrested and jailed due to a mistake and then wrongly held three days because of the police's alleged negligence in not sooner investigating his claim of mistake. Here, Vasquez' inconvenience was certainly a less serious loss than the actual deprivation of liberty in Baker. While Baker could be distinguished from the instant case because the tort alleged there was clearly not intentional, the Supreme Court has indicated that the difference between negligent and intentional torts is not necessarily determinative in section 1983 suits. See Hudson v. Palmer, --- U.S. ----, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Therefore, Vasquez' section 1983 suit, which is grounded in the inconvenience he suffered, is foreclosed by the Supreme Court's decision in Baker.
 
 
 8
 The only possible remaining constitutional claim Vasquez could make here is that appellees' actions were so egregious as to violate substantive due process. This claim is without merit. While appellees' alleged conduct was reprehensible, it was not that type of conduct which so "shocks the conscience" that it violates appellant's substantive due process rights. See Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). A citizen does not suffer a constitutional deprivation every time he is subject to the petty harassment of a state agent.
 
 
 9
 We therefore find that the district court properly dismissed Vasquez' section 1983 suit. Vasquez is, of course, free to pursue any remedy he may have in his state court action.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation