Ronnie WILLIAMS, Plaintiff,

v.

Captain R. SMITH, et al., Defendants.

No. L88–272 CA5.

United States District Court,
W.D. Michigan, S.D.

July 5, 1989.

---

Ronnie Williams, Coldwater, Mich., in pro per.

Frank J. Kelley, Atty. Gen. by Chester S. Sugierski, Jr., Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## OPINION

HILLMAN, Chief Judge.

In this civil rights action, plaintiff has moved pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment entered by this court on June 13, 1989. In its opinion supporting the decision to grant defendants' motion for summary judgment, this court liberally interpreted plaintiff's *pro se* complaint as alleging violations of procedural due process. The court rejected plaintiff's procedural due-process claims. In his motion, plaintiff now asks the court to construe his claim as one for malicious prosecution in retaliation for plaintiff's exercise of First Amendment rights. Reading plaintiff's complaint as he now wishes it to be interpreted, the court nevertheless concludes that defendants are entitled to summary judgment.

## UNDISPUTED FACTS

On August 11, 1988, plaintiff was working his scheduled detail in a computer room. According to plaintiff, defendant Hephner arrived at 3:35 p.m. and ordered plaintiff to leave the room immediately. Plaintiff claims that he was a teacher's aide and was required to work until 3:50 p.m. Plaintiff left the room, returned to his cell, and filed a grievance against defendant Hephner. Defendant Hephner responded to the grievance and plaintiff ultimately appealed it through the second and third step levels. Meanwhile, on August 27, 1988, defendant Smith wrote a misconduct charge against plaintiff, alleging that plaintiff's filing of a grievance amounted to interference with the administration of prison rules. Defendant Smith's actions were based on a review of plaintiff's grievance and a written statement from plaintiff's supervisor on work detail. Defendant Ambler's only involvement in this matter is that he was the officer who handed the misconduct charge to plaintiff. A complete misconduct hearing was held on August 31, 1988, and plaintiff was found not guilty of the misconduct charge.

## DISCUSSION

Late last year, the Sixth Circuit provided courts with guidance in the area of § 1983 malicious prosecution claims brought by prisoners. In *Cale v. Johnson*, 861 F.2d 943 (6th Cir.1988), an inmate brought a malicious prosecution claim against prison officials after the officials planted illegal drugs on the inmate in retaliation for the inmate's complaints regarding the food. The *Cale* court determined that claims of malicious or retaliatory prosecution brought under § 1983 must be analyzed under Fourteenth Amendment principles of substantive due process. *Cale*, 861 F.2d at 949. The court said:

> The test for substantive due process claims is whether defendants' conduct 'shocks the conscience.' *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). We have previously measured section 1983 malicious prosecution claims by this standard. *E.g., Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir.1985).

*Id.* (quoting *McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 522 (6th Cir.1987)). The *Cale* court stated that a violation of substantive due process is established by showing an "egregious abuse of governmental power." *Id.* at 950 (citing *Vinson v. Campbell County Fiscal Ct.*, 820 F.2d 194, 201 (6th Cir.1987)). Ultimately, *Cale* held that the prison official was not entitled to summary judgment, as his alleged conduct in planting contraband on an innocent prisoner constituted "an egregious abuse of authority within the meaning of *Vinson*." *Id.*

■ Plaintiff's case is distinguishable from *Cale*. First, defendant Smith, the officer who wrote plaintiff the misconduct, had no earlier involvement in the incident plaintiff grieved. He was a passive observer who became involved 16 days *after* the grievance was filed. Consequently, unlike *Cale*, the "retaliating" officer in plaintiff's case had no personal involvement in the original grievance. Second, and more important, defendant Smith's conduct neither "shocks the conscience" nor constitutes an "egregious abuse of authority." As an officer of the institution, part of defendant Smith's job is to ensure that the prison is run as efficiently as possible and that rules and procedures are followed. In order to enforce these guidelines, defendant Smith may be required to issue misconduct charges to inmates who attempt to interfere with the administration of the prison. In this respect, *Cale* is again distinguishable from plaintiff's case, because "[a]s a prison official, Food Service Administrator Wahl surely had no authority to cause illegal drugs to be planted on the person of a prison inmate for any purpose at all, retaliatory or otherwise." *Cale*, 861 F.2d at 951 (Nelson, J., concurring). Clearly then, there was nothing about defendants' conduct that shocks the conscience or constituted an egregious abuse of authority in violation of substantive due process.

■ Therefore, accepting plaintiff's version of the facts as true, the court concludes that no rational trier of fact could find a violation of substantive due process in this case. Defendant Smith merely lodged a misconduct report against plaintiff, accusing him of impeding the operation of the prison by filing a frivolous grievance. There is no allegation or proof that Smith manufactured evidence, "framed" plaintiff, or committed any other act that could remotely be construed as an egregious abuse of his power as a corrections officer. After a hearing, the hearing officer ultimately disagreed with Smith's judgment as to the nature and effect of plaintiff's grievance. This, standing alone, does not transform Smith's act into a violation of the Fourteenth Amendment. Under *Cale*, a prisoner needs to prove far more than the lodging of a misconduct against him after the exercise of his First Amendment rights. He must also show that the prison official's conduct somehow transcended all bounds of reasonable behavior and so "shocks the conscience." *Cale*, 861 F.2d at 949. On the undisputed facts, a reasonable factfinder could not so conclude. Summary judgment for defendants is therefore appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252–256, 106 S.Ct. 2505, 2512–2514, 91 L.Ed.2d 202 (1986).

In support of a contrary result, plaintiff relies on a recent Eighth Circuit case, *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989), in which the court held that the filing of disciplinary charges against an inmate was actionable if done in retaliation for his having filed a grievance. The court notes that *Sprouse* relies on *Franco v. Kelly*, 854 F.2d 584 (2d Cir.1988) and *Wolfel v. Bates*, 707 F.2d 932 (6th Cir.1983) (per curiam) for its decision.

*Franco* held that an allegation that prison officials intentionally filed false disciplinary charges against an inmate, in retaliation for the prisoner's exercise of a constitutional right, can survive a motion for summary judgment. *See Cale*, 861 F.2d at 950. However, as the *Cale* court recognized in its discussion of *Franco*, the prisoner had alleged that the prison officials' disciplinary report was part of a *pattern* of false disciplinary actions taken against him in retaliation. *Id.* at 951–952 (Nelson, J., concurring). Such a pattern might well indicate a substantive due-process violation. Plaintiff here has not alleged that defendant Smith's actions were part of some prison pattern or policy.

In *Wolfel*, the court held that a prisoner's right to seek redress of grievances was violated where he received disciplinary infractions in retaliation for filing grievances. *See Sprouse*, 870 F.2d at 452. This case is likewise distinguishable from plaintiff's case for two reasons. First, the *Wolfel* court found the fact that the prisoner was punished to be significant. *Wolfel*, 707 F.2d at 934. In plaintiff's case, he was not punished; instead, he was cleared of the misconduct charge. Second, twice during its opinion, the *Wolfel* court limited its decision to the particular facts of the case. *Id.* at 933, 934 n. 1. In light of these factors, the court finds the analysis set forth in the recent *Cale* decision to be more applicable to plaintiff's case than the narrowly tailored decision of *Wolfel*.

Because running a prison is an inordinately difficult undertaking, matters of prison administration are best "committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution....'" *Turner v. Safley*, 482 U.S. 78, 84–85, 107 S.Ct. 2254, 2259–2260, 96 L.Ed.2d 64 (1987); *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). Consequently, this court can only redress wrongs of constitutional magnitude. Even construing plaintiff's complaint as one for malicious or retaliatory prosecution, defendants' conduct did not violate plaintiff's substantive due-process rights, as defendants' conduct did not "shock the conscience" nor "egregiously abuse governmental authority." Accordingly, defendants are entitled to summary judgment on this claim as well, and plaintiff's motion for an altered or amended judgment is denied.