**Marvin D. MAYBERRY, Plaintiff,**

v.

**Michael SPICER, and Bruce Goll, Defendants.**

**Civ. A. No. 89–CV–1927–DT.**

United States District Court, E.D. Michigan, S.D.

Nov. 24, 1992.

Marvin D. Mayberry, in pro per.

Terry Norton, Asst. Atty. Gen., Corrections Div., Lansing, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiff, Marvin Mayberry, is a state prisoner currently confined to the State Prison of Southern Michigan, in Jackson, Michigan. On June 22, 1989, Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his due process rights when they conspired to file false charges against him.[1] In addition, Plaintiff alleges that

---

1. Plaintiff also sued Thomas Craig, a hearing officer, in connection with the false charges.

Defendant Spicer wrote a misconduct ticket in retaliation for the filing of this complaint.

Defendants are employees of the Michigan Department of Corrections and were at all relevant times assigned to the State Prison of Southern Michigan.

On November 14, 1989, this Court entered an order dismissing Plaintiff's procedural due process and equal protection violations claims, but held that Plaintiff's substantive due process claim was not subject to dismissal.

Thereafter, Plaintiff filed a motion requesting a Temporary Restraining Order and/or a Preliminary Injunction against retaliation by employees and agents of the Michigan Department of Corrections. He claimed that Defendants might retaliate against him for the filing of this lawsuit by tampering with his supply of medically required insulin. This Court has denied that motion.

Defendant then filed a Motion for Summary Judgment on Plaintiff's remaining claims on the basis of the affirmative defense of qualified immunity. The matter was referred to Magistrate Virginia M. Morgan who has filed a Report and Recommendation in which she recommended that Defendant's motion be granted and the case dismissed.

Plaintiff's Objection to the Magistrate's Report and Recommendation argues that res judicata applied to Defendants' Motion for Summary Judgment and that the November 1989 decision of this Court is controlling. Plaintiff seeks punitive damages in the amount of ten-thousand ($10,000) dollars from each Defendant and Rule 11 sanctions for "the calculated attempt to undermine the integrity and judicial dexterity" of the Court.

A second motion for a Temporary Restraining Order has also been filed, alleging that insulin tampering has caused him undue anxiety and subjects him to immedi-

ate and irreparable harm. This Court has denied that motion.

This case has arisen from Plaintiff's failure to perform a job assignment in the prison laundry. Plaintiff's prisoner passes show that on February 24, 1989, he was interviewed and given a job sorting laundry, which was to commence on February 27, 1989. On that date, Plaintiff went to the Quartermaster ("QM") and was advised of his job description and area of work.

A short while later, Defendant Goll attested that he noticed that Plaintiff was absent from his assigned area. Defendant entered the back room of the QM area where the clean laundry is inventoried and shelved. He observed Plaintiff lying on a folding table talking with the inmate workers assigned to that area. Goll told Plaintiff that his job was not in that area and he was not permitted to loiter in this area without staff permission. Plaintiff then told Defendant Goll that he would not be told what he could and could not do, and that if that was the way the QM was run, he did not wish to work there, and thereupon returned to his housing unit.

Plaintiff's work detail had been typed and submitted to the Classification Department. However, it was discovered later that it was never received. Goll spoke with the Classification Director and attempted to obtain another worker for that assignment, but he was told that he was required to hire Plaintiff before he could take the next prisoner in the pool.

Then, on March 1, 1989, Plaintiff was called out through the control center to report to the QM for work. Defendant Goll told Plaintiff that he had to hire him. Plaintiff, according to Goll's affidavit, became angry because he did not want to work there. Goll informed Plaintiff that he would be written a misconduct ticket if he refused to work. Plaintiff again refused to work and returned to his housing unit with the purpose noted as "laid in pending 00" (fired from QM assignment). Defendant Goll wrote Plaintiff a ticket for disobeying

---

Plaintiff alleged that Craig made a "malicious adjudication of guilt" against him in furtherance of the conspiratorial actions of defendants Goll

and Spicer. On August 28, 1990, this Court dismissed Plaintiff's claims against Craig.

a direct order and Plaintiff was thereafter given a hearing at which he was found guilty of disobeying that direct order.

Plaintiff alleges that Defendants then falsely charged him with the misconduct charges of disobeying a direct order and insolence. He submitted the affidavit of prisoner Morrison, in addition to his own, which states that Defendant Spicer requested that Morrison "surreptitiously make out a work detail for the Quartermaster assignment regarding prisoner Mayberry." He attests that this request was made even though Defendant Spicer had fired Mayberry from the QM assignment only moments before. In addition, it is alleged that it was Defendant Spicer and not Defendant Goll who was present that day, although Defendant Goll wrote the misconduct ticket. Plaintiff also avers that he had not been detailed to the QM assignment and therefore could not be written a misconduct ticket.

The Major Misconduct Hearing Report, submitted by Plaintiff, states that Plaintiff did refuse to work. In addition, contrary to Plaintiff's affidavits, the Hearing Officer found that Goll was present and involved in the conversation with Mayberry. Further, whether Plaintiff had a work detail at the time of the misconduct was found to be irrelevant and, based on testimony, the order was held not unreasonable.

Four months later, Defendant Spicer wrote an assignment for Plaintiff and sent it to the Classification Department. The Classification Director stated that Plaintiff was still on the payroll for QM and should return to work. From June 19, 1989, to July 12, 1989, Plaintiff was placed on call to the QM but failed to show. On July 12, 1989, Defendant Spicer then wrote Plaintiff a misconduct ticket for being out of place or bounds.

This case is before the Court on Defendants' second Motion for Summary Judgment. Summary judgment is governed by Rule 56 of the Fed.R.Civ.P., which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleading, depositions, answers to interrogatories and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), stated that the burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case. Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.*

To maintain a action under 42 U.S.C. § 1983, two essential elements must be pled and proved. First, the conduct complained of must be committed by a person acting under color of state law, and second, the conduct must deprive the person of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Defendants do not dispute that they acted under color of state law.

Defendants seek dismissal of Plaintiff's claims on the basis of the affirmative defense of qualified immunity. The availability of this defense allows government officials to reasonably anticipate when their actions may give rise to liability for damages so that they can carry on their duties without fear of harassing litigation. *Davis v. Scherer*, 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984).

■ A Defendant has "qualified immunity unless Plaintiff's rights were so clearly established when the acts were committed that any officer in the Defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." *Ramirez v. Webb*, 835 F.2d 1153, 1156 (6th Cir.1987) (quoting *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir.1987)). To prevail over a claim

of qualified immunity, Plaintiff must set forth a particular and clearly established violation. *Garvie v. Jackson*, 845 F.2d 647, 650 (6th Cir.1988). Defendant's allegations will not defeat the defense.

█ In this case, Defendants contend that they had no reason to believe their conduct violated Plaintiff's constitutional rights. As Defendants point out, they were instructed to hire Plaintiff before they could take another prisoner from the pool. Defendants contend that they could not be expected to realize that the issuance of a work detail would result in a substantive due process violation.

The sworn facts of record demonstrate beyond dispute that Plaintiff did not report for work and that Defendants believed through the Classification Department that Plaintiff was at all relevant times assigned to the QM. Therefore, Defendants are entitled to qualified immunity.

█ Additionally, even if the Court decided that Defendants are not entitled to qualified immunity, Defendants' conduct does not amount to a substantive due process violation. To establish a substantive due process violation, Plaintiff must prove that Defendant's actions were "shocking to the conscience." *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1951).

The Sixth Circuit has held that "egregious abuse of government power", in the form of retaliation (against a prisoner by prison officials) for exercising his first amendment right to register a complaint about inadequate prison policies, was sufficient to state a claim for deprivation of first amendment rights in violation of 42 U.S.C. § 1983. *Cale v. Johnson*, 861 F.2d 943, 951 (6th Cir.1988).

Plaintiff's case is distinguishable from *Cale*. In the instant case, Plaintiff was assigned to QM on February 21, 1989. He began detail on February 27, 1989 and returned on the same date from the detail with a note which stated: "Finished, I do *not* kiss ass." This note was not signed but appeared to the Magistrate, as stated in her Report and Recommendation, to be in Plaintiff's handwriting. In addition, the hearing officer noted, in the Major Misconduct Hearing Report submitted to this Court, that the pass was a part of the record and indicated Plaintiff's refusal to work. Plaintiff was again issued a pass on March 1, 1989 to go to the QM. Plaintiff refused to work and Defendant Goll wrote him a ticket. On March 17, 1989, the Classification Director wrote a memo to Defendant Spicer informing him that Plaintiff was not on assignment and that he could not be issued a misconduct. However, he also stated that "[O]nce he is assigned and a detail is processed, then you can expect him to work." This misconduct ticket, written by Goll, was issued in February before Plaintiff filed this complaint. Therefore, Defendant Goll could not have written the major misconduct ticket in retaliation for Plaintiff's filing of a lawsuit.

In addition, Defendants' behavior neither "shocks the conscience" nor constitutes an "egregious abuse of authority." As officers of the institution, Defendants were responsible to insure that the prison was run as efficiently as possible and that rules were followed. In order to enforce prison rules, Defendants may be required to issue misconduct tickets to inmates who violate the rules. In this case, Plaintiff refused to work and was issued a misconduct ticket. Writing a misconduct ticket for refusal to work, a violation of prison rules, is clearly not an "egregious abuse of authority."

Plaintiff has not alleged facts of retaliation, except for his conclusory allegations that Defendant Goll conspired with Defendant Spicer to retaliate against him. Plaintiff claims that Defendant Spicer wrote the misconduct of July 12, 1989 in retaliation. As noted, writing misconduct tickets is vastly different from the defendants' behavior in *Rochin* and *Cale*. In addition, in *Williams v. Smith*, 717 F.Supp. 523, 524 (W.D.Mich.1989), the Court stated that under *"Cale,* a prisoner needs to prove more than the lodging of a misconduct against him after the exercise of his first amendment right." Moreover, a hearing was held on the misconduct charges and they were sustained administratively.

Plaintiff has filed this action *in propria persona.* Therefore, his pleadings must be construed liberally. *Haines v, Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff has raised the affirmative defense of res judicata to Defendants' Motion for Summary Judgment. He appears to assert that Defendants may not file a motion for summary judgment on a claim for which the Court has previously denied summary judgment. That argument is not well taken. The Supreme Court's description of the general rule of res judicata is found in *Comm'r v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a case, the parties to a suit and their privies are thereafter bound "not only as to every matter which was affirmed and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatsoever, absent fraud or some other factor invalidating the judgment.

This Court granted Defendants' Motion for Summary Judgment regarding Plaintiff's procedural due process claim because Plaintiff had not exhausted available state remedies. In addition, Plaintiff's equal protection claim was dismissed for the same reasons. As to those issues, res judicata would be applicable.

However, Defendants' Motion for Summary Judgment was denied with regard to the remaining substantive due process claim, leaving that claim open for subsequent adjudication. Res judicata requires a final decision by the Court. In the instant case, the Court found that Plaintiff's substantive due process claim was adequate, by its terms, to raise a claim within the jurisdiction of this Court. That claim is being considered herein on the undisputed sworn facts of record. Therefore, the matter has not been adjudicated and the defense of res judicata is inapplicable.

In Plaintiff's Objection to the Magistrate's Report and Recommendation he suggests that Defendants, as well as the Magistrate, should be subject to Rule 11 sanctions for the "calculated attempt to undermine the integrity and judicial dexterity of [the] Court, through deliberate presentation of frivolous pleadings."

█ In interpreting Rule 11, the Sixth Circuit has followed the Supreme Court's considerations in finding that Rule 11 imposes three (3) obligations on attorneys. First, the attorney must conduct a reasonable inquiry to determine that the document filed with the court is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for the extension or modification of existing law. Third, the document can not be "interposed for any improper purpose." *Jackson v. Law Firm of O'Hara, Ruberg, et al.,* 875 F.2d 1224, 1229 (6th Cir.1989).

█ In the present case, Defendants have met their obligations under Rule 11. First, Defendants' Motion for Summary Judgment is well grounded in fact as evidenced by documents filed with this Court. Second, Defendants argue that they are entitled, under existing law, to an immunity defense. Finally, Defendants have appropriately brought the summary judgment motion before this Court and it cannot be considered "improper" in any way.

In conclusion, Defendants are entitled to qualified immunity under *Davis* and *Ramirez* and Plaintiff has failed to properly assert the defense of *res judicata.* On the undisputed facts and applicable law, Defendant's Motion for Summary Judgment must be GRANTED. In addition, Plaintiff's Motion for Rule 11 sanctions is DENIED. Therefore, it is ORDERED that Plaintiff's complaint be and hereby is DISMISSED. It is so ORDERED.