14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Washshukru AL-JABBAR A'LA, Plaintiff-Appellant,
v.
Gary MURRAY; Charles Shadden; Jackie Burgess; Anita Cook;
Larry Wright; Ron Hodge, Defendants-Appellees.
 No. 93-5794.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Washshukru Al-Jabbar a'la, a pro se Tennessee state prisoner, appeals a district court order dismissing as frivolous his complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Al-Jabbar a'la brought suit against the members of two different prison disciplinary boards in their individual capacities. He alleged that defendants Murray, Wright and Hodge deprived him of his First Amendment rights and equal protection of the law when they found him guilty of threatening an employee. He also alleged that defendants Shadden, Burgess and Cook deprived him of due process and equal protection when they found him guilty of destroying state property and refusing a direct order. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d), finding that Al-Jabbar a'la's equal protection claim was conclusory and that he had received all the process he was due. On appeal, this court granted Al-Jabbar a'la's motion for pauper status.
 
 
 3
 Upon review, it is concluded that the district court properly found Al-Jabbar a'la's equal protection and due process claims lacking an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the First Amendment claim was not addressed, and it is concluded that this claim must be remanded to the district court for further proceedings.
 
 
 4
 The district court properly found that the equal protection claim raised in the complaint was conclusory and failed to allege discrimination based on membership in a protected class. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). The district court also properly found the due process claims lacking an arguable basis in law. Al Jabbar a'la's claim that he had no notice that his conduct was prohibited lacks merit because prison officials cannot anticipate every conceivable form of misconduct and draw narrow regulations to satisfy such a notice requirement. See Wolfel v. Morris, 972 F.2d 712, 717 (6th Cir.1992) (quoting Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir.1974)). Al-Jabbar a'la also failed to show that there was no evidence to support a finding of guilt. Finally, the written statement of the evidence was sufficient in this case as it referred to an uncontradicted and consistent statement by the reporting officer. Al Jabbar a'la's reliance on King v. Wells, 760 F.2d 89, 93-94 (6th Cir.1985), is misplaced, as the disciplinary board in that case made reference to an investigative report containing statements from a number of individuals that were not all consistent with the rest of the evidence presented.
 
 
 5
 The district court failed to address the First Amendment claim raised against defendants Murray, Wright and Hodge. This court has held that it is improper to discipline an inmate in retaliation for the exercise of First Amendment rights, see Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988), or for filing a grievance that is not shown to be false or malicious. See Wolfel v. Bates, 707 F.2d 932, 933-34 (6th Cir.1983) (per curiam). In this case, Al-Jabbar a'la alleged that he was found guilty of threatening an employee because he threatened to institute legal action against the officer if he continued to interfere with Al-Jabbar a'la's legal mail. It may be that a response from the defendants would show that the threat was vague and reasonably interpreted as physical rather than legal, as in Sires v. Berman, 834 F.2d 9, 13-14 (1st Cir.1987). However, on the record before us, this determination is not possible.
 
 
 6
 Accordingly, the district court's order is affirmed in part and vacated and remanded as to the First Amendment claim raised against defendants Murray, Wright and Hodge. Rule 9(b)(3), Rules of the Sixth Circuit.