Stephen R. STAMPS, Plaintiff,

v.

Billy McWHERTER, et al., Defendants.

No. 94–2837–M1/Bre.

United States District Court,
W.D. Tennessee,
Western Division.

April 7, 1995.

Stephen R. Stamps, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Stephen R. Stamps, an inmate at the Cold Creek Correctional Facility (CCCF)[1] in Henning, Tennessee, has filed a complaint under 42 U.S.C. § 1983.[2]

Plaintiff sues TDOC regional administrator Billy McWherter, CCCF warden Fred Raney, CCCF grievance board chairman Shar-on Wilson, CCCF job coordinator Bill Hendrix, and job coordinator-personnel clerk Carolyn Tatum. This complaint is another in a series of disputes that focus on the assignment of inmate jobs at CCCF.

Plaintiff suffers from a variety of medical conditions that are being treated by TDOC and CCCF medical personnel. Plaintiff, however, alleges that he has been assigned a job as a janitor, and that this is too difficult for him. On July 29, 1994, TDOC medical personnel reached the following conclusions about his physical ability:

1) he should not lift objects weighting over 20 pounds;

2) he is able frequently to lift and carry objects weighing up to 10 pounds;

3) he should confine *continuous* strenuous activity and continuous standing or walking to 15 minutes;

4) he should not engage in weight lifting or *strenuous* athletics;

5) he has a good range of motion and a normal gait;

6) he is not currently in pain;

7) he is receiving proper medical care; and,

8) an AVO (job restriction) is not needed.

On July 14, 1994, before this medical evaluation was conducted, Tatum or Hendrix assigned plaintiff to work as a janitor, with duties including cleaning, mopping, cleaning tools, and putting away supplies. Complaining of back and groin pain, plaintiff reported to the medical clinic and was seen by physician's assistant William Harbour. He also filed a grievance that he characterized as an emergency.[3] Grievance board chairman Sharon Wilson disagreed and refused to give it emergency consideration. Although the exact decision reached by Wilson is unclear, it is perfectly clear that she essentially de-

---

**1.** CCCF was formerly named Fort Pillow Prison and Farm (Fort Pillow).

**2.** Stamps's previous action, *Stamps v. Harbour, et al.*, No. 93–2389–Ml/Bro (W.D.Tenn. Mar. 31, 1994), appeal pending No. 94–5830 (6th Cir.), alleged that various persons at CCCF had violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs, as defined by *Estelle v. Gamble*, 429 U.S.

97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976), and its progeny. The court dismissed part of the case as frivolous and granted the remaining defendants' motion for summary judgment.

**3.** TDOC's grievance procedure has been certified by the United States Attorney General under 42 U.S.C. § 1997e.

nied the grievance at some point before August 1, 1994. On August 1 plaintiff requested a hearing before a grievance committee. On August 4, Hendrix reassigned plaintiff to a clerical job. On August 9 the committee, consisting of sergeant Sweat, Linda Holt, and an inmate, Homer Boles, recommended that the job coordinator pay closer attention to medical restrictions when assigning jobs. The warden disagreed with this recommendation and concluded that Stamps was simply attempting to manipulate the system to obtain a job more favorable than he was entitled to by the normal CCCF job assignment procedures. This conclusion was then affirmed by McWherter on appeal. Plaintiff alleges this violated his Eighth Amendment rights and constituted retaliation for his earlier lawsuit.

■ The Eighth Amendment prohibits cruel and unusual punishment. *See generally Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Eighth Amendment proscription on cruel and unusual punishment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

■ An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan,* — U.S. —, —, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24; *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer,* — U.S. at —, 114 S.Ct. at 1977; *Hudson,* 503 U.S. at 6, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." *Farmer,* — U.S. at —, 114 S.Ct. at 1977; *Wilson,* 501 U.S. at 297, 302–03, 111 S.Ct. at 2323, 2326–27. The official's intent must rise at least to the level of deliberate indifference. *Farmer,* — U.S. at —, 114

S.Ct. at 1977; *Wilson,* 501 U.S. at 303, 111 S.Ct. at 2326.

■ Within the context of *Estelle* claims, the objective component requires the medical need to be sufficiently serious. *Hunt,* 974 F.2d at 735. "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) (quoting *Laaman v. Helgemoe,* 437 F.Supp. 269, 311 (D.N.H.1977)).

The Supreme Court has also clarified the subjective component: the intent of the prison official. *See, e.g., Farmer,* — U.S. at —, 114 S.Ct. at 1977. *Cf. Wilson,* 501 U.S. at 298–99, 111 S.Ct. at 2324–25; *Caldwell v. Moore,* 968 F.2d 595, 602 (6th Cir.1992).

According to *Farmer,* deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* — U.S. at —, 114 S.Ct. at 1979.

■ Plaintiff has not established the subjective component of an Eighth Amendment claim. In order to make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976). According to *Farmer,* deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* — U.S. at —, 114 S.Ct. at 1979.

■ Here, however, Tatum Hendrix is alleged merely to have assigned plaintiff to an unsuitable job. Plaintiff was not, however, thereby exposed to a serious risk of harm. More importantly, Hendrix promptly reassigned plaintiff upon being informed of the medical restrictions. Thus plaintiff cannot make out the subjective component of an Eighth Amendment claim. Plaintiff does not allege that Hendrix was aware of and deliberately ignored either a medical restriction on his activity or facts from which it should have been obvious to a layman that the janitorial assignment would pose an immediate and serious risk to his health. Plaintiff's claims against Hendrix and Tatum obviously lack an arguable basis either in law or in fact, and are therefore frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 31–32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

■ Insofar as plaintiff sues the remaining defendants, his claim is merely that they did not give proper consideration to his grievance. There is no constitutional right to an effective grievance procedure. *See, e.g., Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991); *Flowers v. Tate,* 925 F.2d 1463, 1991 WL 22009 (6th Cir.1991); *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo.1986); *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D.Ill.1982). The decision of the warden and regional administrator did not inflict any cruel or unusual punishment on plaintiff. Regardless of the subjective anxiety plaintiff has experienced as a result of the decisions of Wilson, Raney, or McWherter, he has not thereby experienced either wanton and unnecessary pain or the loss of the "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991). This claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 31–32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

■ Finally, plaintiff's claim of retaliation is utterly meritless. A claim of retaliation must include a "chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane,* 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Furthermore, an inmate claiming retaliation for an exercise of first amendment rights must show more than subsequent adverse administrative action. Rather, the prison official's conduct must transcend all bounds of reasonable conduct and shock the conscience. *Williams v. Smith,* 717 F.Supp. 523, 524–25 (W.D.Mich. 1989). *See also Mayberry v. Spicer,* 808 F.Supp. 563, 567 (E.D.Mich.1992) (following *Williams* ). The plaintiff makes no such allegations. Indeed, he admits that he bases his retaliation claim on the mere fact that his lawsuit was filed before the events in this complaint. A plaintiff cannot bootstrap a frivolous complaint with a conclusory and speculative allegation of retaliation. This claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* 504 U.S. at 31–32, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

As the complaint is frivolous, it is **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this

matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**