**William H. WALKER, Plaintiff,**

v.

**Prison Guard William ROTH, et al., Defendants.**

**Civil Action No. 95–40143.**

United States District Court, E.D. Michigan, Southern Division.

June 9, 1997.

William Walker, Marquette, MI, pro se.

Christine M. Campbell, Michigan Department of Attorney General, Corrections Division, Lansing, MI, for defendants.

### AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

GADOLA, District Judge.

On April 19, 1995, William H. Walker, a prisoner at Standish Maximum Correctional Facility, filed the instant § 1983 action *pro se*. He alleges *inter alia*, that defendants William Roth, Carol Babcock, Warden Kapture and Arthur Tessmer violated his rights under the First and Fourteenth Amendments of the Constitution of the United States by retaliating against him for exercising his First Amendment rights. Specifically, he alleges that defendants retaliated against him for his threat to file a grievance by causing or permitting him to be convicted of a false misconduct offense ("false misconduct retaliation claims").

Magistrate Judge Goldman issued a Report and Recommendation ("R & R") on February 11, 1997 advising this court to dismiss Walker's false misconduct retaliation claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This court adopted Judge Goldman's R & R, and *sua sponte* dismissed Walker's false misconduct retaliation claims.

On March 31, 1997, Walker filed a motion for reconsideration.[1] Walker protests the dismissal of his false misconduct retaliation claims. Walker maintains that Magistrate Judge Goldman used the wrong standard when assessing the merits of such claims. According to Walker, the court should have utilized a less stringent First Amendment standard as opposed to a more rigorous Fourteenth Amendment standard.

### I. Legal Standard

In order to succeed on his instant motion for reconsideration, Walker must show a "palpable defect" by which the court and the parties have been misled. Local Rule 7.1(h)(3) (E.D.Mich. Jan. 1, 1992). Moreover, he must demonstrate "that a different disposition of the case [would] result from a correction" of the palpable defect. *Id.* A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication" shall be denied. *Id.*[2]

### II. Walker's Motion for Reconsideration Must Be Denied

The portion of Magistrate Judge Goldman's February 11, 1997 R & R at issue in

---

1. On March 10, 1997, Walker filed a motion for an enlargement of time to file objections to Judge Goldman's R & R. This court granted Walker an extension of time to voice objections to the R & R, but informed Walker that any objections filed would be treated as a motion for reconsideration since the court had already adopted the R & R.

2. The facts relevant to Walker's motion for reconsideration are clearly delineated in the R & R. This court will not regurgitate them in the instant opinion and order.

the instant motion for reconsideration reads as follows:

> Walker also raises a claim of retaliation. He claims that the defendants either caused or permitted him to be convicted of a false misconduct offense in order to prevent him from filing a grievance. . . . It is recognized that government officials may not retaliate against persons for engaging in constitutionally protected conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287[, 97 S.Ct. 568, 576, 50 L.Ed.2d 471] (1977). However, in the prison context, such claims are analyzed under fourteenth amendment principles of [substantive] due process. *Cale v. Johnson,* 861 F.2d 943, 949 (6th Cir.1988). To establish such a claim, the defendant's [retaliatory] conduct must "**shock the conscience**" or "**egregiously abuse government authority.**" *Id.* (citations omitted); *see also, Mayberry v. Spicer,* 808 F.Supp. 563, 567 (E.D.Mich.1992); *Williams v. Smith,* 717 F.Supp. 523, 524 (W.D.Mich. 1989); *Ishaaq v. Compton,* 900 F.Supp. 935, 940 (W.D.Tenn.1995); *but see Riley v. Kurtz,* 893 F.Supp. 709 (E.D.Mich.1995).

> Walker's retaliation claim against Roth, Babcock, Tessmer and Kapture based on the false misconduct charge, fails to state a claim upon which relief can be granted. He has not alleged that these defendants were motivated by retaliatory animus nor do the facts, taken in a light most favorable to Walker establish such an animus.

> Moreover, the claim against [Roth that he filed a false misconduct charge and the claim against] these [other] individuals [ ] that they were aware that Roth had filed a false misconduct charge . . . even if true, does not state a claim upon which relief could be granted. A prisoner does not have a right not to be falsely or wrongly charged with misconduct. *Freeman v. Rideout,* 808 F.2d 949, 951 (2nd [sic] Cir. 1986), *cert. denied,* 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988). Therefore, this aspect of Walker's retaliation claim should be dismissed as to all defendants.

(Feb. 11, 1997 Report & Rec. at 11–12.) In a nutshell, Magistrate Judge Goldman found that defendants' allegedly retaliatory acts of filing or allowing to be filed a false misconduct report were not "egregious" and did not "shock the conscience" and thus, Walker, a prisoner, had not made out a valid claim of retaliation.

■ In his motion for reconsideration, Walker argues that Judge Goldman erroneously applied a substantive due process analysis to assess the merits of his false misconduct retaliation claims. According to Walker, a § 1983 action claiming deprivation of a prisoner-plaintiff's First Amendment rights through retaliation does *NOT* require proof that the alleged retaliatory conduct was itself "conscience-shocking" or "an egregious abuse of governmental power." Walker directs this court's attention to *Riley v. Kurtz,* 893 F.Supp. 709, 711 (E.D.Mich. 1995), a case in which Magistrate Judge Steven Pepe opined that an inmate alleging retaliation for the exercise of First Amendment rights need *not* prove that the retaliatory act either "shocked the conscience" or is an "egregious abuse of governmental power." [3]

*Kurtz* involved a prisoner's § 1983 action against a Michigan Department of Corrections officer alleging retaliation by that officer for the plaintiff's exercise of his First Amendment rights. The defendant's motion to dismiss or for summary judgment was referred to Magistrate Judge Pepe for a R & R. In his R & R Judge Pepe concluded that "[r]etaliation . . . against the exercise of First Amendment rights is itself a violation of the First Amendment." *Id.* at 714 (*citing Zilich v. Longo,* 34 F.3d 359, 364 (6th Cir.1994)). Thus, Judge Pepe found that a heightened "shocks the conscience "/"egregious abuse of governmental authority" showing was not necessary. According to Pepe, such a showing was only necessary in cases in which "an incorporated right, such as a First Amendment right, is not available to give substantive content to the Fourteenth Amendment." *Id.* at 718.[4]

---

3. Judge Pepe's R & R was adopted by U.S. District Judge Denise Page Hood.

4. Magistrate Judge Pepe found the standard employed by Magistrate Judge Goldman in the case *sub Judice* to be in conflict with *Graham v. Con-*

The Sixth Circuit has not adopted *Kurtz* and so as the matter stands there is no binding precedent, nor any persuasive case law, that commands this court to do so. To be sure, several Sixth Circuit panels in unpublished opinions [5] and various district court judges have adopted the position of Magistrate Judge Goldman, which is contrary to *Kurtz*, that retaliatory conduct must itself be "egregious" for a prisoner to state a constitutional retaliation claim. For the time being at least, this court is in accord with such a position.[6] Therefore, this court affirms the earlier opinion and order adopting Magistrate Judge Goldman's application of substantive due process to Walker's false misconduct retaliation claims, and dismissing such claims accordingly.

One final point should be noted. In his complaint, Walker alleges that the facts contained in the misconduct report filed by Roth were "false." Walker believes that Roth "created" a misconduct of insolence by construing Roth's use of the words "ruth" and "ruthie" as derogatory. Yet, this court finds that the report was not objectively false, which defeats at least in part, Walker's false misconduct retaliation claim. According to Walker, the report read as follows:

> At approximately 14[:]43 hrs[,] I, Ruo Roth while waiting for inmate Walker 183367 to get ready to be handcuffed, Walker became insolence [sic] with me[.] Walker stated with direct eye to eye contacts with myself and less than five feet away—

*nor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In *Graham,* the Supreme Court held that because the Fourth Amendment (at issue in that case) provided "an explicit textual source of constitutional protection" against the governmental conduct alleged, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* at 395, 109 S.Ct. at 1871.

**5.** *But see Riley v. Overton,* No. 94–2072, 1995 WL 355667 at *2 (6th Cir. June 13, 1995) and *Fields v. Powell,* No. 94–1674, 1995 WL 35628 at *1 (6th Cir.1995), holding that where a prisoner's previous exercise of constitutionally protected rights is a substantial and motivating factor in retaliatory conduct, the act or retaliation is itself "egregious" or "shocking to the conscious."

**6.** One of the most pervasive reasons that *Kurtz* will not be followed is that this court believes Magistrate Judge Pepe used fatally-flawed analysis when ascertaining whether the plaintiff-prisoner in that case stated a *prima facie* retaliation claim. In *Kurtz,* Judge Pepe adopted *in toto* for prisoner-plaintiff retaliation claims, the analysis articulated by the Supreme Court in *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977) for employee-plaintiff retaliation claims. *Kurtz,* 893 F.Supp. at 720. Under *Mount Healthy,* in order to establish a *prima facie* claim for retaliation in the employment context, a plaintiff must show: (1) that his or her conduct was constitutionally protected, and (2) that the protected conduct was a ***substantial or motivating factor*** in the alleged retaliatory conduct. *Mount Healthy,* 429 U.S. at 287, 97 S.Ct. at 576.

In this court's opinion, the *Mount Healthy* standard, which was specifically crafted for use in cases involving retaliation in employment, should not be wholesale adopted in cases alleging retaliation in the prison context. Cases involving retaliation in the prison setting should also consider one other factor which need not be contemplated in cases involving retaliation in the employment setting, to wit: whether the alleged retaliatory action advanced legitimate penological goals, such as preserving institutional order and discipline. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974) (explaining that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). *Cf. Sandin v. Conner,* 515 U.S. 472, ——, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995) (admonishing federal courts to afford flexibility to state officials trying to manage volatile institutional environments); *Ward v. Dyke,* 58 F.3d 271, 275 (6th Cir.1995) (holding that "[e]ven if defendants' actions had some effect on Ward's future filing of grievances, his transfer is permissible where it serves a legitimate penological interest"); *Williams v. Smith,* 717 F.Supp. 523, 524 (W.D.Mich.1989) (holding that to enforce prison guidelines, prison officials may be required to issue misconduct charges to inmates who attempt to interfere with the administration of the prison). Other circuits have designed tests more stringent than the *Mount Healthy* test for reviewing inmate retaliation claims. *See e.g., Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995) (holding that a prisoner must plead and prove retaliatory motive and absence of legitimate correctional goals for the conduct complained); *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (holding that in order for a prisoner to succeed on a claim of retaliation, he or she must prove that *but-for* the retaliatory motive, the action would not occur); *Goff v. Burton,* 7 F.3d 734, 739 (8th Cir.1993) (holding that in cases alleging retaliation for exercising constitutional rights, a prisoner must prove that *but-for* the constitutional activity, the retaliatory act would not have taken place).

"Ruth, isn't that a girl's name! ["] I stated "It[']s Roth," Walker stated "put an i.e. on it and its Ruthie." Ruo Austin stated "It's Roth[.]" Walker stated[,] "No, it isn't., it's Ruth, Ruthie.["] I felt that Walker[']s words to me we're [sic] ment [sic] to harrass [sic] and degrade me. Walker id'ed by daily contact and unit count board.

This report is fundamentally consistent with the Walker's statement of facts. It is evident from the complaint that the dialogue Roth described in the misconduct report actually occurred. In his complaint, Walker narrates the parley which allegedly transpired between himself and Roth *en route* from the typing room at Standish Maximum Correctional Facility to his cell. The colloquy alleged by Walker in his complaint is very similar to the colloquy contained in the misconduct report. *Compare Kurtz,* 893 F.Supp. at 712 (plaintiff alleged that Kurtz falsely accused him of incidents which never occurred, including incitement to riot or strike and failure to disperse). It is further evident from the allegations in Walker's complaint that Roth thought Walker was being insolent and also believed Roth was mocking his name at the time the incident occurred, which is what Roth stated in the misconduct report. Roth, so Walker asserts, stated several times during the parties' exchange that his name was "Roth" not "Ruth."

In sum, this court denies plaintiff's motion for reconsideration and affirms dismissal of Walker's false misconduct retaliation claims against all defendants.

### ORDER

**THEREFORE, IT IS HEREBY ORDERED** that WILLIAM H. WALKER's request for reconsideration/objections to the magistrate's report and recommendation is **DENIED.**

**SO ORDERED.**