57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jimmie Lee RILEY, Plaintiff-Appellant,
v.
William OVERTON; D. Smith; Arum Borton; Ruo Foote;
Erskin Ruo; J. Clark, Defendants-Appellees.
 No. 94-2072.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Jimmie Lee Riley, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, Riley sued multiple Michigan prison officials in their individual and official capacities. Riley alleged that defendants improperly confiscated his legal materials in retaliation for his litigious actions; that the defendants' actions violated his First Amendment right to privacy; and that defendants improperly conducted a hearing concerning the confiscated legal materials. Defendants moved for summary judgment. Although the district court granted Riley an extension of time to respond to defendants' motion, no response was filed. Upon de novo review of a magistrate judge's report and over Riley's objections, the district court granted summary judgment to the defendants.
 
 
 3
 In his timely appeal, Riley essentially argues that the district court erred in denying his request to amend his complaint; that defendants denied him access to the courts; that he was subjected to retaliation; and that genuine issues of material fact exist which prevented the granting of summary judgment for the defendants.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Upon review, we conclude that genuine issues of fact do not exist and that defendants are entitled to judgment as a matter of law.
 
 
 5
 Riley contends that the district court erred by not permitting him to file an amended complaint. This court reviews a district court's decision denying leave to amend under the abuse of discretion standard. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990). We conclude that the district court did not abuse its discretion in denying Riley leave to amend his complaint as the amendment would not have withstood a motion to dismiss. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991).
 
 
 6
 Riley argues that he was denied access to the courts. In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that inmate access to the courts must be adequate, effective, and meaningful. See Walker v. Mintzes, 771 F.2d 920, 931 (6th Cir.1985). Moreover, Walker requires some showing of prejudice to a pending lawsuit when the claim is premised upon a denial of legal materials. Id. at 932. Riley has not established that he was denied meaningful access to the courts or that he has suffered any prejudice. The argument is meritless.
 
 
 7
 Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In order to prevail on this claim, Riley must establish that defendants' action constitutes "egregious abuse of governmental power," or that such action otherwise "shocks the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Riley can meet this burden by showing that his assertion of a protected right was a "substantial" or "motivating factor" in defendants' alleged retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. Riley bears the burden of showing retaliation. Id. If he meets this burden, the defendants may then show that their conduct would not have been different absent the assertion of the protected right. Id. A defendant's conduct must have a sufficiently close relationship to the claimed constitutional violation in order to conclude that the defendant subjected the plaintiff to the deprivation of a federally protected right. Martinez v. California, 444 U.S. 277, 285 (1980). Riley simply has not established that defendants subjected him to retaliation.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.