81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee RILEY, Plaintiff-Appellant,
v.
John Doe CHURCH, Defendant-Appellee.
 Nos. 95-1192, 95-1193.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment and injunctive relief, Jimmie Lee Riley sued a Michigan Department of Corrections employee (Daniel Church) in his official and individual capacities. Riley claimed that Church violated his First and Fourteenth Amendment rights by "planting" dangerous contraband on him in retaliation for Riley having filed prison grievances against another corrections officer (who is not a defendant in this case). The case was submitted to a magistrate judge who recommended that defendant Church's motion for summary judgment be denied. Church objected to the magistrate judge's report and recommendation. Upon de novo review of Church's motion for summary judgment and Riley's response, the district court rejected the magistrate judge's recommendation, granted defendant Church's motion for summary judgment, and certified that an appeal could not be taken in good faith. Riley filed two notices of appeal from that judgment.
 
 
 3
 In his timely appeals, Riley reasserts the claim he set forth in the district court. Riley also argues on appeal that the district court improperly denied him the opportunity to amend his complaint.
 
 
 4
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 5
 The defendant met his initial burden of showing an absence of evidence in support of Riley's case. See Celotex Corp., 477 U.S. at 325. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). Prisoners retain those constitutional rights which are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. Wolfel v. Bates, 707 F.2d 932, 933 (6th Cir.1983) (per curiam). Riley has not alleged that the defendant prevented him from exercising his rights under the grievance system, but that he retaliated against him for doing so. Such a claim is construed as a substantive due process claim. See, e.g., Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). In order to prevail on this claim Riley must establish that defendant's actions constitute "egregious abuse of governmental power" or that such actions otherwise shock the conscience. Id. Moreover, Riley must show that the allegedly retaliatory action would not have been taken but for the exercise of his constitutionally protected activities. See Newsom v. Norris, 888 F.2d 371, 377 (6th Cir.1989).
 
 
 6
 The defendant met his initial burden of proof by showing an absence of evidence to support Riley's claim. Riley claims that defendant Church planted a razor and an ink pen (prohibited contraband under prison regulations) in his jail cell in retaliation for a grievance Riley filed earlier against another guard. In his affidavit attached to his motion for summary judgment, Church averred that he did not plant any dangerous contraband in Riley's jail cell. The record reveals that Church received a tip from another inmate, searched Riley's cell, and found a toothbrush with a razor blade melted into the handle. Church also found a prohibited ink pen. As a result of the search, Church brought misconduct charges against Riley. A hearing was held and a hearing officer found Riley not guilty of possessing the razor, but guilty of possessing the ink pen.
 
 
 7
 In the face of this evidence, Riley was required to present significant probative evidence in support of his complaint in order to defeat the defendant's well-supported motion for summary judgment. Riley did not establish that Church's actions were retaliatory. A prisoner has no constitutional right to be free from false accusations of misconduct. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Thus, inasmuch as defendant's alleged conduct does not rise to the level of a constitutional violation absent retaliatory intent, Riley must prove that the claimed retaliation was a substantial and motivating factor in Church's conduct. Mount Health City Sch. Bd. of Educ., 429 U.S. at 283. Riley did not show that retaliation for filing a grievance was a substantial and motivating factor behind the allegedly false charges. See Newsom, 888 F.2d at 377.
 
 
 8
 Riley filed a grievance against a guard named Appling concerning the procedure Appling used to pass out and pick up Block Representative ballots. Riley filed another grievance against Appling claiming that Appling destroyed his legal papers. Riley alleges Appling threatened to retaliate "in so many words." Thereafter, Riley claims that he saw Appling and defendant Church talking to one another. Later that same day, Church searched Riley's cell. Based upon the foregoing circumstances, Riley deduced that Church retaliated for the grievances filed against Appling. However, aside from his allegation that he received misconduct tickets in retaliation for filing the grievances, Riley has not presented any probative evidence in support of his claim against Church. See Anderson, 477 U.S. at 248-49. The only evidence Riley presented to support his claim of retaliation is the temporal proximity between his grievances against Appling and the filing of disciplinary charges against him. Thus, Riley's claim is conclusory and does not designate specific facts showing that there is a genuine issue for trial. See Celotex Corp., 477 U.S. at 324.
 
 
 9
 Finally, to the extent Riley contends that the district court erred in not allowing him to amend his complaint, his contention is meritless. Riley argues that the district court is biased against him and that he should have been allowed to amend his complaint to establish a cause-and-effect relationship between Riley's grievances against Corrections Officer Appling and defendant Church's alleged conduct. The district court's decision denying Riley's motion to amend the complaint is subject to reversal only for an abuse of discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). A district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir.1991). The district court docket sheet does not indicate that Riley sought to amend his complaint. Therefore, the district court did not abuse its discretion.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's order dated December 16, 1994.