959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Louis SALSTROM, Plaintiff-Appellant,
v.
George SUMNER; Bryen Mckay; et al., Robert Corbin; Sam
Lewis, Defendants-Appellees.
 No. 91-15689.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Louis Salstrom, a prisoner convicted under the laws of Nevada, appeals pro se the district court's summary judgment in favor of Nevada and Arizona prison officials in his 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 Salstrom contends that he was denied due process when he was transferred from Nevada to Arizona and placed in administrative segregation in Arizona. A prisoner has no constitutional right to be housed at a particular institution, Meachum v. Fano, 427 U.S. 215, 224 (1976), or to receive a particular security classification, Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Moreover, Nevada and Arizona statutes do not create any protected interest. See Nev.Rev.Stat. § 215A.020; Nev.Rev.Stat. § 209.101 et seq.; Ariz.Comp.Admin.R. & Reg. R5-1-206; McFarland v. Cassidy, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statutes and regulations do not create a liberty interest in remaining in the general population). Accordingly, the district court properly granted summary judgment in favor of the defendants on these claims.
 
 
 4
 Salstrom also contends that Arizona and Nevada prison officials conspired to transfer him to Arizona in retaliation for his legal activities. Salstrom made only "conclusory allegations" of retaliatory motive, with "no concrete, relevant particulars," and thus did not establish a genuine issue of material fact sufficient to defeat the defendants' motions for summary judgment. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988); see also Taylor v. Lizt, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 5
 Salstrom also contends that by housing him in administrative custody, prison officials denied him a prison job and the ability to earn work credits toward early release. Prisoners have no constitutional right to a prison job or to work credits. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985); Hoptowit v. Rhay, 682 F.2d 1237, 1254-55 (9th Cir.1982). Moreover, Nevada and Arizona statutes do not create any protected interest. See Nev.Rev.Stat. §§ 209.433(3), 209.459 & 209.461(1); Ariz.Rev.Stat. § 31.251. Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim.
 
 
 6
 Salstrom also contends that his placement in administrative segregation constituted cruel and unusual punishment in violation of the eighth amendment. Mere placement in administrative segregation or isolation does not violate the eighth amendment. See Hoptowit, 682 F.2d at 1258; see also Wilson v. Seiter, 111 S.Ct. 2321, 2322-27 (1991) (setting forth deliberate indifference standard applicable to eighth amendment violations).
 
 
 7
 Salstrom also contends that under the terms of the Interstate Corrections Compact, Arizona prison officials should have applied Nevada disciplinary procedures in a disciplinary proceeding. See Nev.Rev.Stat. § 215A.020 (inmates transferred out-of-state pursuant to the Interstate Corrections Compact are entitled to disciplinary proceedings conducted pursuant to the laws of the sending state). Salstrom, however, was found not guilty in the Arizona disciplinary proceedings. Moreover, he did not raise a genuine issue of material fact that the Arizona procedures were constitutionally infirm. Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Salstrom's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3