42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Laura BATES; Richard Maxwell; Marjorie Van Ochten,
Defendants-Appellees.
 No. 93-2045.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Carlos A. Williams, a pro se Michigan prisoner, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Williams sued the Mail Room Clerk and Assistant Resident Unit Manager at Mid-Michigan Correctional Facility (STF), and the Michigan Department of Corrections (MDOC) Hearings Administrator for allegedly violating his rights under the First and Fourteenth Amendments. Williams alleged that the defendants unlawfully interfered with his receipt of legal mail sent to him by other inmates with whom he claimed to have legal assistance arrangements. He claimed that defendant Bates improperly confiscated legal papers relevant to these prisoners' litigation, that defendant Maxwell conducted hearings which determined that Williams was not entitled to receipt of these papers and thus ordered them mailed out at Williams's expense or be destroyed, and that defendant Van Ochten upheld the actions of the other defendants in a conspiracy to deprive him of his rights. Williams further alleged that he was transferred in retaliation for his legal activities.
 
 
 3
 In a report filed on June 21, 1993, a magistrate judge recommended that the defendants' motion for summary judgment be granted because Williams had not provided the defendants with an approved legal assistance agreement as required before he would be entitled to receive legal mail pertaining to another inmate, and because his allegations of conspiracy and retaliation were conclusory and insufficient to support a cause of action under Sec. 1983. The district court noted that Williams had filed no objections to the report and recommendation, adopted the magistrate judge's findings and conclusions, and dismissed Williams's complaint in an order filed on July 15, 1993, and entered on July 23, 1993. A separate judgment was entered the same day.
 
 
 4
 On appeal, Williams argues that the district court erred in basing his dismissal upon the lack of objections because they had been sent timely, and that genuine issues of material fact remain which preclude entry of summary judgment for the defendants. He requests the appointment of counsel in his appellate brief.
 
 
 5
 Upon review, we affirm the district court's judgment because Williams did not comply with prison regulations which would have permitted him to receive the legal papers in question. This court's review of an order granting summary judgment is de novo; it uses the same test used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 A preliminary matter relates to Williams's objections to the magistrate judge's report and recommendation. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). The waiver rule, however, is not a jurisdictional rule. The court of appeals may choose not to apply the rule if exceptional circumstances are present warranting an exception to the rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15. We find that an exception is warranted in this case.
 
 
 7
 Any dispositive report and recommendation by a magistrate judge is subject to de novo review by the district court in light of specific objections filed by any party. See Fed.R.Civ.P. 72(b); United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir.1992). Failure to give the report and recommendation the required de novo review has not been subject to a harmless-error analysis by this circuit; it is constitutionally and jurisdictionally mandated under Article III of the Constitution. See Massey v. City of Ferndale, 7 F.3d 506, 510-11 (6th Cir.1993). Although Williams asserts as error the district court's failure to perform a de novo review in light of the objections he claims were mailed timely, see Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990), the fact remains that the district court did not have those objections to consider at the time it rendered judgment. In fact, a copy of Williams's detailed and specific objections appears to have been filed only in this court as an attachment to Williams's motion to proceed in forma pauperis, although a timely-dated copy of the cover letter and certificate of service were sent to the district court with a motion for relief from judgment. Because the objections are not part of the district court record they are not properly before this court. However, in light of the circumstances of this case and in the interests of justice, we find that Williams has not waived his right to appeal.
 
 
 8
 Nonetheless, the district court did not err in granting summary judgment to the defendants in this case. In his brief on appeal, Williams has identified a factual dispute as to whether the STF property room personnel acknowledged the fact of his legal representation of inmates Goldsmith and Moss, but this dispute is not material to the outcome of this case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Even if the facts are presumed to be as Williams claims, the magistrate judge's analysis and legal conclusions, as adopted by the district court, are unaffected.
 
 
 9
 The defendants are entitled to summary judgment as to Williams's mail interference and due process claims. Williams has no constitutional right to be an inmate legal advisor. See Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993); Smith v. Maschner, 899 F.2d 940, 950 (10th Cir.1990). The MDOC requires those inmates who do wish to assist other inmates with legal matters to execute a legal assistance agreement. MDOC Policy Directive PD-DWA-61.01. Such regulations have been upheld as constitutional. See Johnson v. Avery, 393 U.S. 483, 490 (1969). Without an approved agreement, Williams had no right to receive legal mail pertaining to another prisoner, regardless of who sent it. Williams did not produce properly approved legal assistance agreements regarding those inmates at his administrative hearings. Thus, the defendants violated no constitutional right in confiscating the documents. Even if it is assumed that Williams had a property interest in the other inmates' legal papers, he received the process to which he was due at his administrative hearings. See Zinermon v. Burch, 494 U.S. 113, 127-28 (1990).
 
 
 10
 The defendants are also entitled to summary judgment regarding the conspiracy and retaliatory transfer claims. Williams does not have an inherent constitutional right to be incarcerated in any given facility. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Although prison officials may not retaliate against a prisoner for exercising a constitutional right, see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988), Williams's claims of conspiracy and retaliatory transfer are wholly conclusory and so are insufficient to state a cause of action under Sec. 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 11
 Accordingly, the request for the appointment of counsel is denied. The district court's judgment, entered on July 23, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.