47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard FIELDS, Plaintiff-Appellant,
v.
C. POWELL; Officer Dotson; Lt. Green; Dave Burnett; C.
Ramsey; Steve Jenkins; J.E. Moss; Defendants,
James Langford; Lisa Miller; Jimmy Stegall; Kenneth
McGinnis, Defendants-Appellees.
 No. 94-1674.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 Before: JONES, CONTIE and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Bernard Fields, a pro se Michigan prisoner, appeals a district court's grant of summary judgment to defendants regarding Fields' civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, Fields sued multiple prison officials essentially contending that he was subjected to retaliation for filing grievances and lawsuits. Although Fields filed his complaint as a petition for habeas relief pursuant to 28 U.S.C. Sec. 2254, because Fields was not seeking release from prison, the complaint was construed as being filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 The district court dismissed a portion of Fields's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) as Fields had failed to allege how several of the defendants were personally involved in the alleged constitutional violations. The complaint was ordered filed as to the remaining defendants. The remaining defendants moved for summary judgment which Fields opposed. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 4
 Fields's brief is construed as contending that: 1) he was transferred from his original prison in retaliation for filing grievances and lawsuits; 2) he was denied a particular job assignment because of his grievances and lawsuits; 3) the transfer caused him to be denied legal assistance; and 4) the transfer was a result of malicious prosecution.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that Fields's arguments are without merit. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). In order to prevail on this claim, Fields must establish that defendants' actions constitute "egregious abuse of governmental power" or that such actions otherwise "shock[ ] the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Fields can meet this burden by showing that his assertion of a protected right was a "substantial" or "motivating factor" in the defendants' alleged retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. Fields bears the burden of showing retaliation. If he meets this burden, the defendants may then show that their conduct would not have been different after the assertion of the protected right. Id. A defendant's conduct must have a substantially close relationship to the claimed constitutional violation in order to conclude that the defendants subjected the plaintiff to the deprivation of a federally protected right. Martinez v. California, 444 U.S. 277, 285 (1980).
 
 
 7
 The uncontested facts simply do not establish that Fields was subjected to any type of retaliation. Further, Fields's conclusory allegations against the defendants are simply insufficient to state a claim under 42 U.S.C. Sec. 1983. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Fields's arguments are simply meritless.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.