**Man LEWIS, Jr., Plaintiff–Appellant,**

**v.**

**D. JARVIE, Property Room Supervisor, HCF; et al., Defendants–Appellees.**

**No. 01–1539.**

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

458

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Man Lewis, Jr., a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Lewis sued Property Room Supervisor D. Jarvie, Resident Unit Manager G. Lemon, Curtis, J. Robbins, C. Berry, D. Steffey, Corrections Officer Cole, Resident Unit Supervisor Gamble, Law Librarian Hutchison, and Inspector D. Falbo, all employees of the Michigan Department of Correc-

tions ("MDOC") working at the Hiawatha Temporary Correctional Facility. Lewis, an African American, alleged that the defendants: (1) deprived him of his property without due process; (2) denied him access to the courts; (3) retaliated against him for exercising his right to file grievances; (4) engaged in a civil conspiracy to deprive him of his rights; and (5) discriminated against him on the basis of his race. He also invoked state law. The magistrate judge granted Lewis in forma pauperis status and reviewed the complaint. In a report dated January 18, 2001, the magistrate judge recommended that Lewis's complaint be dismissed for failure to exhaust administrative remedies, see 42 U.S.C. § 1997(e), and concluded that some of Lewis's allegations failed to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The district court adopted the magistrate judge's report over Lewis's objections and dismissed the complaint.

In his timely appeal, Lewis argues that: (1) he exhausted all available administrative remedies; and (2) his complaint stated a claim for relief.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2), 1915A, and the Prison Litigation Reform Act. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that Lewis's complaint was subject to dismissal but for somewhat different reasons than those relied upon by the district court. Exhaustion of administrative remedies does not need to be considered where the allegations fail to state a claim upon which relief can be granted. See 42 U.S.C. § 1997e(c)(2); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). Because we conclude that Lewis's complaint does not

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District    of Ohio, sitting by designation.

state a claim against any of the defendants, we affirm the district court's decision under the authority of *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

■ First, we agree with the district court that Lewis had no due process claim based upon the deprivation of property. Lewis alleged that prison employees broke his typewriter, interfered with his attempts to send it for repairs, and failed to return it to him after it was repaired. By Lewis's own allegations, the loss of his typewriter was unpredictable, predeprivation process was impracticable, and the defendants were not authorized to do what they did. *See Zinermon v. Burch,* 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Because Lewis did not plead or prove that his available state remedies were inadequate, he has no § 1983 claim. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983).

■ Second, we conclude that the district court properly held that Lewis did not state a denial of access to the courts claim. *See Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Lewis alleged that he was denied access to the legal work stored in the memory of his word-processing typewriter. He did not, however, claim or show that he suffered any prejudice to pending or contemplated litigation. *See Lewis,* 518 U.S. at 351, 116 S.Ct. 2174; *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). Accordingly, Lewis has no denial of access to the courts claim.

■ Third, we agree with the district court that Lewis failed to state a retaliation claim against defendants Lemon, Hutchison, and Gamble, but conclude that Lewis also failed to state a claim against Jarvie. Lewis's allegations did not show that the defendants were motivated to take adverse action against him because of his protected conduct. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). His claims rely solely on the assumption that because he filed grievances against the defendants and some time later they took actions against him, they had improper motives. Lewis's bare allegations of malice on the defendants' parts are not enough to establish retaliation claims against them. *See Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Thaddeus–X,* 175 F.3d at 399. Accordingly, his retaliation claims are without merit.

Fourth, the district court properly held that Lewis did not allege a viable conspiracy claim. He failed to allege any facts indicating that the defendants shared a single plan or shared in the objective of a conspiracy. *See Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir.1989).

Fifth, we conclude that the district court improperly held that Lewis's complaint stated an equal protection claim against Jarvie and Gamble. *See McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990). Lewis's equal protection allegations proceeded on the premise that any action Jarvie and Gamble took against him were racially motivated. His conclusory allegations of unconstitutional conduct do not state a § 1983 claim. *See Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Accordingly, Lewis's complaint failed to state a claim against Jarvie and Gamble.

Finally, we conclude that the district court properly declined to exercise jurisdiction over any supplemental state law claims after finding no basis for federal jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accepting all of his allegations as true, Lewis can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Accordingly, we affirm the district court's order dismissing Lewis's complaint. Rule 34(j)(2)(C), Rules of the Sixth Circuit.