Jeffrey MURRAY, Plaintiff–Appellant,

v.

UNKNOWN EVERT, et al., Defendants–Appellees.

No. 03–1411.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Jeffrey Murray, pro se, East Lake, MI, for Plaintiff-Appellant.

Before: SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

Jeffrey Murray, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of

the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive and monetary relief, Murray sues various persons employed at the Bellamy Creek Correctional Facility for violations of his constitutional rights. Specifically, Murray claims that his due process rights were violated when he was falsely convicted of threatening behavior, a major misconduct charge. He also claims that his transfer to segregation before adjudication of the misconduct charge violated his due process rights. He further claims that his placement in segregation constitutes cruel and unusual punishment in violation of the Eighth Amendment. Lastly, he alleges that a subsequent misconduct charge for disobeying a direct order, filed by defendant Parrish, was made in retaliation for Murray's actions in contesting the first misconduct charge. The district court dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c). This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir.1998). Here, the district court properly dismissed Murray's due process, Eighth Amendment, and retaliation claims.

■ First, the district court properly concluded that Murray failed to state a due process claim with respect to his placement in detention from December 24, 2002, to the filing of his complaint. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the Due Process Clause, the court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Under various circumstances, this court has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker,* 155 F.3d 810, 811 (6th Cir.1998); *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir.1997); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995). Murray has failed to make any allegations that his segregation is "atypical and significant." Consequently, his placement in detention does not give rise to a protected Fourteenth Amendment liberty interest.

■ Second, the district court properly concluded that Murray's due process claim with respect to the misconduct ticket is not cognizable under 42 U.S.C. § 1983. Murray claims that a finding of guilt for the misconduct of threatening behavior is false. A ruling on this claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Edwards,* Murray must show that his misconduct conviction has been invalidated before his § 1983 action will be cognizable. Because Murray has not shown that his conviction has been invalidated, his claim is not presently cognizable.

■ Third, the district court correctly concluded that Murray alleged nothing

that rises to the level of an Eighth Amendment violation. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *See Rhodes,* 452 U.S. at 347. Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment claim. *See Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The mere fact that Murray was placed in detention, with nothing more, is insufficient to state an Eighth Amendment claim. Murray has not alleged that his detention was more severe than the typical conditions of segregation.

■ Finally, the district court properly concluded that Murray failed to state a retaliation claim. This court has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 388 (6th Cir.1999) (en banc). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.,* the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *See id.* at 394. The plaintiff has the burden of proof on all three elements. Thus, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct.

568, 50 L.Ed.2d 471 (1977). Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner,* No. 91–15689, 1992 WL 72881, at *1 (9th Cir. Apr.10, 1992); *see also Birdo v. Lewis,* No. 95–5693, 1996 WL 132148, at *1 (6th Cir. Mar.21, 1996); *Fields v. Powell,* No. 94–1674, 1995 WL 35628, at *2 (6th Cir. Jan.30, 1995); *Williams v. Bates,* No. 93–2045, 1994 WL 677670, at *3 (6th Cir. Dec.2, 1994). Here, Murray merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusions that Parrish issued a misconduct ticket for failing to obey a direct order because Murray was challenging his earlier misconduct charge.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.