NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0515n.06

Case No. 09-1092

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AARON CANTLEY,  )
  )
  Plaintiff-Appellant,  )
  )  ON APPEAL FROM THE
  v.  )  UNITED STATES DISTRICT
  )  COURT FOR THE WESTERN
JAMES ARMSTRONG, et. al.,  )  DISTRICT OF MICHIGAN
  )
  Defendants-Appellees.  )
  )
  )

_____  )

BEFORE: BATCHELDER, Chief Judge; MOORE and COOK, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Aaron Cantley, a state prisoner proceeding pro

se, appeals the order of the district court dismissing his 42 U.S.C. § 1983 civil rights complaint.

Cantley's original complaint names twenty-two Michigan Department of Corrections

employees as defendants and alleges various wrongs, including wrongful denial of prison grievances,

denial of access to the courts, violation of administrative segregation rules, and various section 1983

acts of retaliation. Cantley originally filed his complaint in the Eastern District of Michigan, but that

court dismissed the four defendants for whom venue was proper in the Eastern District and

transferred the action to the Western District for the claims against the remaining defendants.

*Cantley v. Armstrong*, No. 08-14653, 2008 WL 4858127 (E.D. Mich. Nov. 6, 2008). The Western

District court then dismissed the remainder of the complaint pursuant to 28 U.S.C. §§ 1915(e) and

1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim. *Cantley v. Armstrong*, No. 08-1044,

2008 WL 5382464 (W.D. Mich. Dec. 22, 2008). It is from this second dismissal that Cantley appeals.

"The Prison Litigation Reform Act ("PLRA") requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). We review de novo a district court's dismissal of a complaint pursuant to sections 1915(e) and 1915A(b), *id.* at 571-72; we accept the facts and any inferences in the light most favorable to the plaintiff, *Brown v. Bargery*, 207 F.3d 863, 866-67 (6th Cir. 2000). While we hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the complaint must, nevertheless, contain more than mere legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Having carefully considered the record on appeal and plaintiff's brief, we conclude that the district court's opinion correctly dealt with the allegations in Cantley's complaint, and with one exception, we find no need to discuss them further. That exception is the claim Cantley lodges against Defendant Hoffman for a transfer to a higher-level security institution, allegedly in retaliation for Cantley's having filed prison grievances. The district court held that the allegations in Cantley's complaint satisfied the first requirement of a retaliation claim because filing of grievances is constitutionally protected conduct; the court assumed without deciding that the transfer of an inmate to an institution with a higher security level satisfied the second requirement of a retaliation claim. The court held, however, that Cantley's vague allegation that Hoffman had "confronted" him about

2

a grievance Cantley had filed the previous week was wholly insufficient to demonstrate any causal relationship between Cantley's protected activity and his transfer, particularly because Cantley alleged no facts whatsoever from which the district court could even infer that Hoffman was in any way involved in the decision to transfer him. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (explaining the three requirements of a retaliation claim). This claim is the only one in Cantley's complaint that arguably could have survived the screening process required by 28 U.S.C. § 1915A(b), and we have taken pains to determine whether the district court was correct in its interpretation of the complaint and its application of the law. We conclude that it was. *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Because we have "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal" pursuant to 28 U.S.C. § 1915A, *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), the district court was correct in dismissing the complaint, and Cantley's argument that the court should have granted him leave to amend the complaint is without merit.

Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we affirm on the basis of the district court's well-reasoned opinion the order dismissing the complaint.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Because I conclude that Cantley has adequately pleaded a claim of First Amendment retaliation against Defendant Hoffman, I respectfully dissent.

Cantley's complaint alleges facts that, if taken as true, make it "plausibl[e]" that Hoffman instigated or helped to instigate Cantley's transfer to a higher security level because of the grievances Cantley filed. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). In his complaint, Cantley alleges that Hoffman was the "Resident Unit Manager" and that Hoffman, along with the warden, told Cantley that Cantley would be returning to "[L]evel II." Dist. Ct. Doc. 1 (Compl. at ¶ 1). From this, one could plausibly infer that Hoffman had some control over Cantley's security classification or was otherwise involved in classification decisions. Cantley also alleges that he filed four grievances and that Hoffman later "confronted" Cantley with regard to one of the grievances. *Id.* Under these circumstances, it is plausible to infer that Hoffman knew of at least one of the grievances and was angered by it. Finally, Cantley alleges that he was transferred to "Level IV" no more than a week after the confrontation. *Id.* Such a close proximity between the confrontation and the transfer suggests that the two incidents were related and that Hoffman's anger with regard to Cantley's grievances prompted Hoffman to effectuate Cantley's transfer.

The district court concluded that "[o]stensibly, the [Security Classification Committee] made the decision [to transfer Cantley] based upon [Cantley's] misconduct for fighting." Doc. 8 (Dist. Ct. Order (12/22/08) at 10). If this were true, however, it is unclear why, after the alleged misconduct, Hoffman told Cantley that Cantley would be returning to "[L]evel II" and then suddenly reversed this decision after Cantley filed his grievances. This is not to say that a retaliatory motive is the only

4

inference that could be drawn from the facts Cantley has pleaded, but at this stage of litigation, retaliatory motive need only be "plausible" as opposed to "probab[le]." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Therefore, I respectfully dissent.